# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2149

_____

John Stiltner,

        Appellant,

    v.

James Carter, Superintendent,

        Appellee.

*
*
*
*
*   Appeal from the United States
*   District Court for the
*   Southern District of Iowa.
*
*   [UNPUBLISHED]
*

_____

Submitted: January 15, 2008
Filed: March 11, 2008

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ERICKSON,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

An Iowa jury convicted John Stiltner of second-degree sexual abuse of his daughter when she was between the ages of five and eleven years old. Stiltner contends that clearly established federal law was violated by the admission of his inculpatory statements and by the exclusion of statements regarding the victim's

_____

[1] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

sexual conduct. The district court[2] denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

For a prisoner whose case has been adjudicated on the merits in state court, a writ of habeas corpus should issue only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Our review of the state court's decision is thus limited and deferential. Collier v. Norris, 485 F.3d 415, 421 (8th Cir. 2007). As for the district court, we review its findings of fact for clear error and its conclusions of law *de novo*. Bucklew v. Luebbers, 436 F.3d 1010, 1015 (8th Cir. 2006).

Davis County Sheriff Monte Harsch contacted John Stiltner in March of 1998 to speak to him about his daughter's allegations of sexual abuse. Although Stiltner said that he would prefer to have his attorney present, Harsch told Stiltner that he would be arrested if he did not come in voluntarily. Unaccompanied by counsel, Stiltner showed up at the sheriff's office.

Harsch read Stiltner a Miranda warning and Stiltner signed a written Miranda form. On Part II of the form, Stiltner answered the question: "Do you understand each of these rights as I have explained to you?" with a verbal "Yes." In response to the second question, "Having these rights in mind, do you wish to talk to us now?," Stiltner answered "As much as I can." Harsch wrote Stiltner's answers on the printed form. Stiltner then made incriminating statements and was arrested.

---

[2] The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

Stiltner contends that he invoked his right to counsel such that the admission of the incriminating statements at trial was contrary to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). We disagree. Under the <u>Miranda</u> rule, a suspect who is subject to custodial interrogation must unambiguously request counsel. <u>Davis v. United States</u>, 512 U.S. 452, 459 (1994). Like the state trial court, we assume for the sake of argument that Stiltner was in custody at the time he made the incriminating statements.

<u>Miranda</u> requires the government to respect a suspect's affirmative request for an attorney. Stiltner's reference to an attorney was not sufficiently clear "that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." <u>Davis</u>, 512 U.S. at 459. Although clarification is often a good practice, <u>Miranda</u> does not require the police to study the suspect's ambivalence and cajole him into a game-show-like "final answer" as to whether he desires counsel. Until the suspect clearly requests an attorney, police may continue their interrogation. <u>Davis</u>, 512 U.S. at 461-62. The state court's decision to admit Stiltner's statements was consistent with clearly established federal law, as determined by Supreme Court precedent. Stiltner's claim for habeas relief was properly denied on this issue.

Stiltner next argues that the state court wrongly refused to admit the victim's statements that she had engaged in sexual activity with other children. Before evidence of specific instances of an alleged victim's past sexual behavior could be introduced, Iowa Rule of Evidence 412(c)(1) (now Rule 5.412) required a written motion no later than fifteen days before trial. The state courts found that the statements were properly excluded because Stiltner failed to comply with the procedural strictures of Rule 412. Federal courts may not grant habeas relief to a claim that a state court has disposed of on state procedural grounds. <u>Clemons v. Luebbers</u>, 381 F.3d 744, 750 (8th Cir. 2004).

Attempting to avoid this procedural default, Stiltner argues that the statements were false and should have been admitted for the purpose of impeachment. The state courts found otherwise, and were not convinced the child's statements are actually false. Because this finding was not based on an unreasonable determination of the facts in light of the evidence presented, we deny Stiltner's claim for habeas relief on this issue. <u>See</u> 28 U.S.C. § 2254(d)(2).

The judgment of the district court is affirmed.

_____